UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DARRYL L. CARMICHAEL,

                        Plaintiff,

       v.                                               **ORDER**
                                                            13-CV-692-A

MORRISON MANAGEMENT
SPECIALISTS and ERIE
COUNTY MEDICAL CENTER,

                        Defendants.

      This *pro se* disability-discrimination case is brought by the plaintiff, Darryl L. Carmichael, against the defendants, Morrison Management Specialists ("Morrison"), and Erie County Medical Center ("ECMC"), under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 ("ADA") and New York State Human Rights Law, N.Y. Exec. Law §§ 290-297.  The action is before the Court on defendant Morrison's and defendant ECMC's motions pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure to dismiss plaintiff Carmichael's Complaint for failure to state a claim upon which relief can be granted.

      Upon preliminary review of plaintiff Carmichael's Complaint and defendant Morrison's and defendant ECMC's motions to dismiss, it appears that summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, or partial summary judgment, may be appropriate.  Therefore, before the parties take

additional steps in the action, it is

**ORDERED**, that the Court on its own, pursuant to Rules 12(d) and 56(f)(3) of the Federal Rules of Civil Procedure, will consider entering summary judgment or partial summary judgment on the ADA claim in plaintiff's Complaint.  The following alleged facts appear to the Court likely to be undisputed.  Plaintiff Carmichael shall, by August 29, 2013, file an affidavit or a declaration made under penalty of perjury responding separately to each of the following numbered paragraphs stating whether these alleged facts are undisputed and, if disputed, why:

> 1.  Attached to the Complaint at page 14 is a true and accurate copy of a letter dated February 5, 2013, from Richard H. Wyssling, Esq., addressed to plaintiff Carmichael (the "February 5, 2013 letter").
>
> 2.  On and around February 5, 2013, Mr. Wyssling was plaintiff Carmichael's attorney concerning the matters addressed in the February 5, 2013 letter that are the subject of plaintiff's ADA claim in the Complaint.
>
> 3.  On February 5, 2013, plaintiff Carmichael's attorney, Mr. Wyssling, understood that plaintiff was required to file an ADA action based upon the allegations against defendant Morrison and defendant ECMC that plaintiff had presented to the Equal Employment Opportunity Commission (the "EEOC") within a maximum of 90 days.
>
> 4.  This action was filed more than 90 days after February 5, 2013.
>
> 5.  This action was filed more than 90 days after plaintiff Carmichael received the February 5, 2013 letter from Mr. Wyssling.

>6. Plaintiff Carmichael was informed by the February 5, 2013 letter from Mr. Wyssling that plaintiff was required to file any ADA action in court based upon the allegations against defendant Morrison and defendant ECMC plaintiff had presented to the EEOC within a maximum of 90 days.
>
>7. Before April 2, 2013, plaintiff Carmichael knew that he or an attorney on his behalf were required to file any ADA action in court arising from the allegations plaintiff made to the EEOC against defendant Morrison and defendant ECMC within a 90-day limitations period.
>
>8. April 2, 2013 is 90 days prior to July 1, 2013.
>
>9. No conduct of defendant Morrison, defendant ECMC, Mr. Wyssling, or the Court contributed to plaintiff Carmichael not filing this action before July 1, 2013.

It is further

**ORDERED**, on or before August 29, 2013, plaintiff Carmichael shall file a memorandum of law addressing whether, based upon undisputed facts, the Court should find pursuant to Rule 56 of the Federal Rules of Civil Procedure that plaintiff and plaintiff's attorney, Mr. Wyssling, each had adequate notice more than 90 days before July 1, 2013 of the issuance of a Right to Sue letter by the United States Department of Justice concerning allegations plaintiff made to the EEOC against defendant Morrison and defendant ECMC that are the subject of plaintiff's ADA claim in the Complaint.  It is further

**ORDERED**, that defendants Morrison and ECMC shall file brief responses to plaintiff Carmichael's memorandum of law on or before September 16, 2013.  It

is further

**ORDERED**, that plaintiff Carmichael shall not file responses to the Rule 12(b)(6) motions to dismiss of defendant Morrison and defendant ECMC at this time. It is finally

**ORDERED,** pursuant to L. R. Civ. P. 83.3(a) and N.Y. Rules of Prof'l Conduct R. 1.2(c), 22 NYCRR Part 1200 (2012), any future filings on behalf of plaintiff Carmichael prepared with the assistance of an attorney shall be clearly marked to indicate the filing was prepared with the assistance of an attorney.

SO ORDERED.

*s/ Richard J. Arcara*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT JUDGE

DATED: August 13, 2013