UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

DARRYL L. CARMICHAEL

                              Plaintiff,

        v.                                        **DECISION AND ORDER**
                                                  13-CV-00692-A
MORRISON MANAGEMENT
SPECIALISTS and ERIE COUNTY
MEDICAL CENTER

                              Defendants.

═══════════════════════════════════

        This disability-discrimination case is brought by the plaintiff, Darryl L.

Carmichael, against the defendants, Morrison Management Specialists

("Morrison"), and Erie County Medical Center ("ECMC"), under the Americans

with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 ("ADA") and New York

State Human Rights Law, N.Y. Exec. Law §§ 290-297 ("NYSHRL").  Plaintiff

Carmichael alleges he was asked impermissible medical questions, and that he

was discharged from employment based upon a disability.

        Defendants Morrison and ECMC filed motions pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure to dismiss plaintiff Carmichael's ADA claims

on statute of limitations grounds.  The Court entered an Order pursuant to Rules

12(d) and 56(f)(3), Dkt. No. 16, converting the motions to dismiss to motions for

summary judgment.  The action is now before the Court to determine whether

material issues of fact preclude entry of judgment in favor of defendants on their

statute of limitations defenses to plaintiff's ADA claims.  For the reasons that

follow, the Court enters summary judgment against plaintiff on his ADA claims,

and declines to exercise supplemental jurisdiction over his NYSHRL claim.

### BACKGROUND

In April of 2010, plaintiff Carmichael filed a charge of discrimination with the

Equal Employment Opportunity Commission ("EEOC") claiming defendants

Morrison and ECMC violated the ADA and NYSHRL.  He alleged defendants

subjected him to impermissible medical questions (the "First Charge"), and

discharged him because of a disability after six hours of employment (the

"Second Charge").  Dkt. No. 1.

On May 11, 2011, the EEOC mailed plaintiff Carmichael a letter captioned

as a Final Determination (the "EEOC Letter") dismissing the Second Charge that

alleged his wrongful discharge, and informing plaintiff of a 90-day deadline to

bring suit.  Dkt. No. 1, pp. 8-10.  The EEOC referred the First Charge to the

Department of Justice ("DOJ").  Dkt. No. 1, p. 17.

On April 30, 2011, DOJ mailed plaintiff a letter with the heading  "NOTICE

OF RIGHT TO SUE WITHIN 90 DAYS,"  declining to pursue the First Charge

alleging impermissible questions (the "DOJ Letter"), and informing plaintiff of a

90-day window to bring suit.  Dkt. No. 1, p. 17.  However, the DOJ Letter was

returned unopened by plaintiff, and  "unclaimed."  Dkt. No. 1, p. 26.

On February 5, 2013, plaintiff Carmichael obtained copies of documentation relating to both the EEOC Letter and the DOJ Letter from his former employer and delivered copies of that documentation to his attorney.  Dkt. No. 1, p. 14; Dkt. No. 18, ¶ 3.  That documentation included detailed and accurate references to the DOJ Letter.  Dkt. No. 1, p. 14*; Dkt. No. 18, ¶ 3; Dkt. No. 18-1, p. 1.  Plaintiff's attorney wrote plaintiff a letter dated the same date, and described to plaintiff the substance of the EEOC Letter and the DOJ Letter (the "Attorney Letter").  Dkt. No. 1, p. 14.  The Attorney Letter advised plaintiff that his 90-day deadline to file suit would have expired, if plaintiff received the DOJ Letter when it was mailed to his residence.

Plaintiff Carmichael filed the Complaint in this action *pro se,* on July 1, 2013, 145 days after the date of the Attorney Letter.  *See* Dkt. No. 1.  When defendants Morrison and ECMC responded to the Complaint by filing motions to dismiss plaintiff's ADA claims, Dkt. Nos. 12, 13, plaintiff's attorney appeared on plaintiff's behalf to respond.  Dkt. No. 18-1.

## DISCUSSION

**The Summary Judgment Standard.**  Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a)*; see* Fed. R. Civ. P. 56(c).  While the right to trial by jury is a cherished right, summary judgment:

> . . . is properly regarded not as a disfavored procedural shortcut, but rather . . . must be construed with due regard not only for the rights of persons asserting claims and defenses that are adequately based in fact to have those claims and defenses tried to a jury, but also for the rights of persons opposing such claims and defenses to demonstrate . . . , prior to trial, that the claims and defenses have no factual basis.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  A dispute regarding a material fact is genuine  "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  Once the moving party has met its burden of "demonstrating the absence of a genuine issue of material fact, the nonmoving party must come forward with enough evidence to support a jury verdict in its favor, and the motion will not be defeated merely upon a metaphysical doubt concerning the facts, or on the basis of conjecture or surmise."  *Bryant v. Maffuci*, 923 F.2d 979, 982 (2d Cir. 1991) (quotations and internal citations omitted).

**The ADA Claims Process.**   A disability-discrimination claimant must exhaust administrative remedies with the EEOC before filing ADA claims in district court.  *See* 42 U.S.C. § 2000e-5(e),(f); *D'Lima v. Cuba Mem'l Hosp., Inc.*, 833 F. Supp. 2d 383, 388 (W.D.N.Y. 2011).  The administrative process begins when the claimant files a charge of discrimination with the EEOC.  42 U.S.C. §

2000e-5(b).  The EEOC investigates the charges. 42 U.S.C. § 2000e-5(b).  If the charges do not have merit, the EEOC may dismiss them and give the claimant notice of a 90-day deadline to sue in district court.  *See id.* § 2000e-5(f).  If the charges have merit, the EEOC will attempt to reach a conciliation agreement with the respondent.  *Id.*  If conciliation fails, the EEOC may sue on the claimant's behalf, or decline to do so and issue the notice of right to sue.  *Id.*; 29 C.F.R. § 1601.28(b)(1).

The EEOC must refer all claims that have not been dismissed to the Attorney General if the respondent is a  "government, government agency, or political subdivision."  42 U.S.C. § 2000e-5(f)(1); 29 C.F.R. § 1601.28(d).  The Attorney General will consider whether to sue on the claimant's behalf.  42 U.S.C. § 2000e-5(f)(1).  If the Attorney General decides not to sue, it is the Attorney General's responsibility to notify the claimant of the 90-day deadline to sue in district court.   29 C.F.R. § 1601.28(d).

The notice of the right to sue, whether issued by the EEOC or the DOJ (on behalf of the Attorney General), almost invariably takes the form of a right to sue letter.  *See, e.g., Tiberio v. Allergy Asthma Immunology of Rochester*, 664 F.3d 35, 36 (2d Cir. 2011); *Coffey v. Donahoe*, No.12-CV-138-A, 2013 WL 3244788, *1 (W.D.N.Y. June 26, 2013).  The notice must include:   (1) authorization to the claimant  "to bring a civil action under title VII, the ADA, or GINA"; (2) advice to the claimant on instituting the civil action, where appropriate; (3) "[a] copy of the

charge"; and (4) "[t]he Commision's decision, determination, or dismissal, as appropriate."  29 C.F.R. § 1601.28(e).

**The 90-Day Statute of Limitations.**  A claimant must file an ADA lawsuit within 90 days of his or his attorney's receipt of the right to sue letter.  42 U.S.C. §§ 2000e-5(f)(1), 12117(a) (2012);  *Tiberio*, 664 F.3d at 38 (2d Cir. 2011).  "The 90-day period is strictly enforced and cannot be extended by even one day." *Hughes v. Elmira Coll.*, 584 F. Supp. 2d 588, 589 (W.D.N.Y. 2008) (internal citations and quotations omitted).  Equitable tolling of the 90-day statute of limitations is only available in  "rare and exceptional circumstances".  *See Coffey*, 2013 WL 3244788, at *5.

If a claimant does not receive a right to sue letter, the 90-day period begins when the claimant receives actual notice that the administrative complaint was dismissed.  *See Loftin v. New York State Dep't of Mental Health*, 80 F. App'x 717, 718 (2d Cir. 2003); *Hilton v. Bedford Paving, LLC*, No. 08-CV-6552 CJS, 2011 WL 3957269, at *9 (W.D.N.Y. Sept. 7, 2011).  Actual notice may be verbal or written.  *See Williams v. Chertoff*, No. 06-CV-3847 (NGG)(LB), 2008 WL 2001897, at *5 (E.D.N.Y. May 8, 2008) (verbal notice); *Beggan v. New York Times*, No. 91 Civ. 8343 (LJF), 1992 WL 111090, at *1 (S.D.N.Y. May 6, 1992) (verbal notice); *see also Loftin*, 80 F. App'x at 718 (written notice).

**The EEOC Letter and the DOJ Letter.**  Plaintiff's original charges with the EEOC stated: "Respondent subjected me to impermissible medical questions

6

prohibited by The Americans with Disabilities Act, as amended.  I believe that I was discharged because of my disability in willful violation of The Americans with Disabilities Act, as amended."  Dkt. No. 1, at p. 7.  Apparently, the EEOC construed this as alleging two charges, the First Charge relating to impermissible medical questions, and the Second Charge relating to the employment discharge. Dkt. No. 1, p. 7, pp. 8-26.  However, the EEOC only assigned one "charge number" to the allegations.  Dkt. No. 1, p. 7 (charge number of 525-2010-00460).

On May 11, 2012, the EEOC sent plaintiff a letter — the EEOC Letter— appearing to dismiss the Second Charge and notifying plaintiff of a 90-day time limit to bring suit.  Dkt. No. 1 at p. 9.  However, the EEOC Letter also stated that there was merit to the First Charge, and  "invit[ed] Respondents to join with it in an effort toward a just resolution of this matter."  Dkt. No. 1, at p. 9.  It may have been confusing whether the EEOC dismissed one, both, or none of the plaintiff's claims.

Defendant Morrison Management Specialists asserts that the EEOC Letter was a right to sue notice.  *See* Dkt. No. 21, at p. 4.  However, plaintiff's counsel was confused as to whether the EEOC Letter was actually a notice of the right to sue.  *See* Dkt. No. 1, at 20 ("It is my understanding that this is not a Right to Sue Letter that I have traditionally seen with respect to EEOC.").  Not only did the EEOC Letter inexplicably bifurcate the Plaintiff's claims, it did not conform to the requirements of 29 C.F.R. § 1601.28(e).  It did not authorize the claimant to bring

7

an action under the ADA, but merely stated  "Charging Party may only pursue the issue dismissed at this time by filing suit . . . within 90 days."  Dkt. No. 1, at 9. Moreover, it did not offer plaintiff advice on bringing the action, nor did it include a copy of the charge.  Dkt. No. 1, at 9.  Finally, it sent mixed signals by stating "*violations* have occurred" and requesting conciliation under the ADA.  Dkt. No. 1, at p. 9 (emphasis added).

The Department of Justice apparently became involved in the case some time after the May 11, 2011 EEOC Letter was sent when the  EEOC referred the case to the Attorney General, ostensibly because Erie County Medical Center is a government agency and conciliation efforts had failed.  *See*  Dkt. No. 1, pp. 24-25.  The record does not show whether the referral included both the First Charge and the Second Charge.

In any event, on April 30, 2012, the DOJ mailed plaintiff the DOJ Letter declining to pursue the case and informing him of the 90-day window to bring suit. Dkt. No. 1, pp. 17-18, 26; *see* Dkt. No. 18, ¶ 3.  The DOJ Letter had a heading "NOTICE OF RIGHT TO SUE WITHIN 90 DAYS".  Dkt. No. 1 at  p. 17.  Unlike the EEOC Letter, the DOJ Letter clearly satisfied the regulatory requirements of a right to sue notice.  In emphasized language, it informed plaintiff of his specific cause of action under the ADA.  Dkt. No. 1 at p. 17.  It suggested he contact an attorney,  or that he could request to have one appointed.  *Id.*  Unfortunately, the

DOJ Letter was returned without having been delivered as  "unclaimed."  Dkt. No.

1, p. 26.

Plaintiff claims that he did not receive the DOJ Letter when it was mailed

and had no knowledge of it at the time.  The Court takes him at his word.

**Plaintiff Had Actual Notice on or about February 5, 2013
That His Administrative Charges Had Been Dismissed.**

On February 5, 2013, plaintiff's attorney wrote plaintiff with actual notice

that plaintiff's charges were dismissed in the DOJ Letter, stating:

> [I]t seems that on or about May 11, 2011 you were sent a
> final determination by John E. Thompson, Jr. stating that
> this was a final determination . . . but did not include a
> Right to Sue Letter.  Later, the U.S. Department of Justice
> made a determination that they were not going to go
> forward with the case and sent you . . . a Right to Sue
> letter . . . . to the 132 Spring Street Address.  Please note
> that therefore if you did in fact live at that address it seems
> that the EEOC has complied with their obligation to send
> you a Right to Sue Letter.

Dkt. No. 1, p. 14.  The letter informed plaintiff that the DOJ Letter existed.  It

informed plaintiff that  "it seem[ed] the EEOC had complied with their obligation to

send . . . a Right to Sue Letter."  Dkt. No. 1, at 14.

Plaintiff Carmichael submitted an affidavit in response to the Court's Rule

56(f)(3) order stating as follows:

> 5.  This action was filed more than 90 days after plaintiff
> Carmichael received the February 5, 2013 letter from [his
> attorney] Mr. Wyssling.

> RESPONSE:  Yes.

9

Dkt. No. 18, p. 2.  The response confirms plaintiff received the Attorney Letter

notifying him of the issuance of the DOJ Letter well more than 90 days before he

filed this action.  Plaintiff also responded:

> 6.      Plaintiff Carmichael was informed by the February 5, 2013
> letter from Mr. Wyssling that plaintiff was required to file any
> ADA action in court based upon the allegations against
> defendant Morrison and defendant ECMC plaintiff had
> presented to the EEOC within 90 days.

RESPONSE:  Yes.

Dkt. No. 18, p. 2.  The response confirms plaintiff was notified of the 90-day

deadline to file suit more than 90 days before he filed this action in July, 2013.

Moreover, the record certainly demonstrates that plaintiff Carmichael's

counsel, who represented plaintiff through the lengthy administrative

proceedings, was well aware on February 5, 2013 that plaintiff's time to file suit

may have commenced, if not run already.  Viewing all the facts in the light most

favorable to plaintiff, the Court finds that the 90-day statutory period for bringing

ADA claims commenced no later than February 5, 2013, the date of the Attorney

Letter.  By at least that date, plaintiff's attorney had actual notice that plaintiff's

administrative claims had been dismissed sufficient to trigger the statutory 90-day

period for plaintiff to commence this action.

In his response to the Court's Rule 56(f)(3) order, plaintiff Carmichael

stated:  ". . . I did not have knowledge prior to April 2, 2013 that I was required to

file documentation."  Dkt. No. 18, p. 2.  He makes this particular statement in the

context of his attorney's efforts to determine the status of the lengthy administrative proceedings in November of 2011, and follows it with a statement that: "[o]n February 5, 2013 I went to my employer and received copies of the letter from the Justice Department stating that they had issued a Right to Sue Letter with respect to this matter." *Id.* Under all the circumstances, no reasonable jury could find plaintiff unaware on February 5, 2013 of the existence of the DOJ Letter.

The Court does not address, because it need not, whether the statutory limitations period may have commenced earlier. Unfortunately for plaintiff, he did not commence this action until July 1, 2013, 145 days after the February 5, 2013 Attorney Letter establishing beyond dispute that he had notice of termination of the administrative claim proceedings and the existence of a 90-day deadline to commence suit.

Plaintiff Carmichael requests the Court toll the statute of limitations for equitable reasons because he "used due diligence in an attempt to receive a Right to Sue letter and acknowledgment of the status of his case." Dkt. No. 18-1, p. 2. However, plaintiff points only to his attorney's efforts after the February 5, 2013 Attorney Letter to persuade the Department of Justice to re-issue the right to sue letter. Those efforts show he knew the letter had issued and do not explain why he neglected to file the action sooner. Equitable tolling is available only in truly extraordinary circumstances when a plaintiff has been prevented from

commencing federal suit.  *Zerlli-Edelglass v. N.Y.C. Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003).  Neither negligence nor confusion are alone sufficient to invoke equitable tolling of a statute of limitations.  *See e.g.*, *Gov't Employees Ins. Co. v. U.S.*, No. 13 Civ. 4063, 2014 WL 582164, at *2 (E.D.N.Y. Feb.14, 2014) (citing cases).  Because plaintiff has not come forward with facts sufficient to warrant equitable tolling, *see* Dkt. No. 18, p. 2, ¶ 9, the Court finds his ADA claims against each defendant are time barred.  The ADA claims are therefore dismissed.

Although the Court is dismissing plaintiff Carmichael's ADA federal-question claims, the Court may have supplemental jurisdiction over non-federal law claims under the NYSHRL if they are  "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  In these circumstances, the Court may, at its discretion, nonetheless  "decline to exercise supplemental jurisdiction."   28 U.S.C. § 1367(c)(3).

The Supreme Court has held that, when considering whether to exercise supplemental jurisdiction, the Court should balance traditional  "values of judicial economy, convenience, fairness, and comity,"  *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).  As a general rule, "when the federal claims are dismissed the 'state claims should be dismissed as well,"  *In re Merrill Lynch Ltd. P 'ships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998)  (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).  The traditional considerations usually  "point

12

toward declining jurisdiction over the remaining state-law claims." *In re Merrill Lynch*, 154 F.3d at 61 (quoting *Cohill*, 484 U.S. at 350 n. 7).  The Court finds in this case that it should, in the interests of economy and fairness, decline to exercise supplemental jurisdiction over plaintiff's NYSHRL claims.  Those claims are therefore dismissed on jurisdictional grounds.

## CONCLUSION

For the foregoing reasons, the converted motions for summary judgment pursuant to Fed. R. Civ. P. 56(a) of defendants Morrison Management Specialists and Erie County Medical Center are granted with respect to plaintiff Darryl L. Carmichael's ADA claims.  Because all federal-question claims are eliminated, the Court declines to exercise supplemental jurisdiction over plaintiff Carmichael's NYSHRL claims .  The Clerk shall enter judgment for defendants accordingly.

**IT IS SO ORDERED.**

*____Richard J. Arcara_____*
HONORABLE RICHARD J. ARCARA
UNITED STATES DISTRICT COURT

Dated:  March 26, 2014